Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 1150 | **DATE** | 4/23/2001 |
| **CASE TITLE** | State Bank of India vs. Commercial Steel Corp., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. This Court reissues its previous R&R in a final, appealable form, with one minor amendment, namely that the Court will appoint a Special Master to coordinate the sale of Dr. Raj's RKR stock to be sold to a qualified purchaser. Plaintiff's Motion for Turnover of Equity Interest in Corporation is granted in part and denied in part, and Plaintiff's Motion for Turnover of Beneficial Interest in Land Trust is granted in part and denied in part. Dr. Raj's Motion to Reconsider (i.e. Objections to the R&R) is denied. *AK*
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 2 4 2001 date docketed | |
| | Notified counsel by telephone. | | | 97 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 4/23/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| VKD courtroom deputy's initials | | Date/time received in central Clerk's Office | VKD mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| STATE BANK OF INDIA, | ) | |
|---|---|---|
| | ) | |
| | ) | No. 97 C 1150 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMERCIAL STEEL CORP., GRD | ) | Magistrate Judge |
| STEEL CORP., VIRENDAR SINGH | ) | Arlander Keys |
| BUBBAR, EDEL WEIS BUBBAR, and | ) | |
| RAJAN K. RAJ, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
APR 24 2001

## MEMORANDUM OPINION AND ORDER

Before the Court is Rajan K. Raj's Objections to the Report and Recommendation ("R & R") of the Magistrate. Because of the interesting procedural position of this case, which is addressed *infra*, the Court treats Dr. Raj's Objections to the R & R as a Motion to Reconsider pursuant to Federal Rule of Civil Procedure 59(e)(West 2000). For the following reasons, the Motion to Reconsider (i.e. Dr. Raj's Objections to the R & R) is denied.

## PROCEDURAL BACKGROUND

On April 10, 2000, Plaintiff State Bank of India ("SBI") and Defendant Dr. Raj, through their counsel, voluntarily consented to the exercise of general jurisdiction by a magistrate judge, pursuant to 28 U.S.C. § 636(c)(West 2000). However, inadvertently,

due to a docketing error,[1] this Court – not realizing that the parties had, in fact, consented (and believing that the case was still on referral from the district court[2]) – entered a R & R, on January 3, 2001, to the district court, concerning SBI's Motions for Turnover of Equity Interest in the Corporation and Turnover of Beneficial Interest in Land Trust ("Turnover Motions").[3]

In this R & R, this Court recommended that SBI's Motion for Turnover of Equity Interest in the Corporation be granted in part, and that RKR Corporation be ordered to assign the equity interest

---

[1] Apparently, the clerk's office neglected to docket the consents of the parties.

[2] Throughout the post-judgment collection phase of this action, the district court had issued various orders referring this matter to the magistrate judge. Accordingly, pursuant to the referral – and not realizing that the parties had consented – this Court entered a R & R to the district court.

[3] As way of background, in this present controversy, SBI seeks to collect a judgment in the amount of $3,767,646.00 against Dr. Raj, entered by the Federal District Court for the Southern District of New York in November of 1997. Due to the accruing interest, the balance owed as of August 31, 2000 stood at approximately $4,602,646.21. Although Dr. Raj is subject to a wage garnishment order (and had paid $649,666.75 in principal and interest by August 31, 2000), in order to collect a larger sum of the judgment, SBI issued, pursuant to the Illinois Code of Procedure § 2-1402, three citations to discover assets: to Dr. Raj on March 13, 1998, to RKR Corporation on November 19, 1999, and to the Western Springs National Bank and Trust ("Western Springs") on April 25, 2000. In September of 2000, SBI filed its Motions for Turnover, the respective motions currently before the Court.

of Dr. Raj in the corporation to SBI. This Court did not recommend, however, that the citation to discover assets as to Dr. Raj and RKR Corporation be extended. With respect to the second Turnover Motion, this Court recommended that the citation as to Dr. Raj be continued, so that SBI could further depose him to determine his motivations in transferring the beneficial interest of the land to a tenancy in the entirety, but denied - at that time - the Motion for Turnover of Beneficial Interest in Land Trust. (A more detailed description of the reasons underlying these recommendations may be found in this Court's R & R dated January 3, 2001. The Court does not repeat all of its reasoning in this current opinion.)

On January 17, 2001, Dr. Raj filed his objections to this Court's R & R, and on February 2, 2001, SBI filed its Response. On March 8, 2001, the district court struck Dr. Raj's Objections to the R & R for lack of jurisdiction, as the parties had executed consents to the magistrate judge's jurisdiction over all proceedings, including entry of final judgment, in April 2000. On March 14, 2001, this Court stated, in a minute order, that it would consider Dr. Raj's objections to this Court's R & R, and would rule accordingly.

Because the parties have consented to jurisdiction by a

magistrate judge, this Court has the authority to enter a final, appealable order in this post-judgment proceeding.[4] The consent to the exercise of jurisdiction by a magistrate judge under 28 U.S.C. § 636(c) is specifically applicable to post-judgment proceedings. *See King v. Ionization Intern., Inc.*, 825 F.2d 1180, 1185 (7th Cir. 1987). Under both Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c), upon entry of judgment in any case referred under subsection 636(c)(1), an aggrieved party may appeal directly to the appropriate United States court of appeals. Because this Court issued a R & R to the district court - instead of a final, appealable order under 28 U.S.C. § 636(c) - SBI appropriately requests this Court to reissue its R & R in a final, appealable form. For the following reasons, this Court reissues its R & R as a final, appealable order, and denies Dr. Raj's Motion to Reconsider.[5]

## ANALYSIS

A motion to reconsider, more accurately called a motion to

---

[4] 28 U.S.C. § 636(c) allows a full-time magistrate judge to conduct any or all proceedings in a jury or nonjury civil matter, and order the entry of judgment in the case upon the consent of the parties.

[5] As explained *supra*, because of the unique procedural posture of this case, the Court will treat Dr. Raj's Objections to the R & R as a Motion to Reconsider.

-4-

alter or amend a judgment, serves the limited purpose of allowing a court to correct manifest errors of law or fact. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). A motion to reconsider should be used neither to introduce new evidence that was available during the original consideration nor to introduce new legal theories. *Id.* "A motion to reconsider is proper where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare." *Rounds v. City of Chicago*, No. 94 C. 1708, 1996 WL 99408, at * 1 (N.D. Ill. March 5, 1996)(citations omitted), *aff'd*, 95 F.3d 1154 (7th Cir. 1996).

In the case *sub judice*, none of the reasons articulated by Dr. Raj for reconsideration rise to this level. Dr. Raj first argues that this Court ordered relief which is not available at law. According to Dr. Raj, SBI's Turnover Motions were only directed towards Dr. Raj – and not RKR Corporation or Western Springs.

Therefore, Dr. Raj asserts that, since the citation to discover assets had expired as to him, and because SBI had only requested relief from him (and not RKR Corporation), this Court erred in recommending that RKR Corporation assign Dr. Raj's equity interest to SBI. SBI counters, however, that its Motions for Turnover did seek relief from RKR Corporation and Western Springs in the alternative to the relief sought from Dr. Raj directly.

While Dr. Raj is technically correct, this has no significant effect on the outcome. The prayer for relief in SBI's Motion for Turnover of Equity Interest in Corporation requests that Dr. Raj be ordered to execute and deliver an assignment of all of his equity interest in RKR Corporation to SBI. While it does not specifically request, in the prayer, that RKR Corporation deliver an assignment of the equity interest to SBI, this is insignificant, as a citation to discover assets was properly served on RKR Corporation.[6] (*See*

---

[6] Illinois Supreme Court Rule 277(a), which implements Section 2-1402 of the Illinois Code, provides, in pertinent part: "A supplementary proceeding authorized by section 2-1402 of the Code of Civil Procedure may be commenced at any time with respect to a judgment which is subject to enforcement. The proceeding may be against the judgment debtor *or any third party* the judgment creditor believes has property of or is indebted to the judgment debtor." Ill. S. Ct. Rule 277(a)(emphasis added). "If the creditor can show the third party has property of or is indebted to the judgment debtor, the court is empowered under section 2-1402(b)(3) of the Code to compel the third party to

(continued...)

R & R for more details.) Therefore, RKR Corporation did have notice.

Furthermore, this technical deficiency (in that the prayer for relief did not request that RKR Corporation - as opposed to Dr. Raj - deliver an assignment of the equity interest to SBI) is easily curable, as SBI would merely have to amend its prayer for relief in its Turnover Motion. Additionally, this Court could simply extend the citation to discover assets as to Dr. Raj.[7] With either

---

[6](...continued)
deliver up any assets so discovered or the value thereof, if those assets are held under circumstances in which the judgment debtor could recover them in an appropriate action." *Bentley v. Glenn Shipley Enterprises, Inc.*, 619 N.E.2d 816, 819 (Ill. App. Ct. 1993)(citation omitted). Furthermore, Section 2-1402 is to be construed liberally, not only providing for the discovery of a debtor's assets and income, but also vesting the courts with "broad powers to compel the application of discovered assets or income to satisfy a judgment." *City of Chicago v. Air Auto Leasing Co.,*, 697 N.E.2d 788, 791 (Ill. App. Ct. 1998)(citation omitted). Here, while SBI's prayer did not request that RKR Corporation *per se* deliver an assignment of the equity interest (but rather only that Dr. Raj), this is largely irrelevant, as the Court is empowered to compel the third party - in this case, RKR Corporation - to deliver up any assets. Furthermore, as explained *infra*, this technical deficiency could be easily cured.

[7] Illinois Supreme Court Rule 277(f), "When Proceeding Terminated," provides in pertinent part: "A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to
(continued...)

option, the same result would occur: SBI would receive the equity interest in RKR Corporation. The only difference would be whether the assignment came from RKR Corporation or from Dr. Raj directly, which is a moot point, as Dr. Raj and RKR Corporation are, essentially, the same. In other words, the Court finds that to order SBI to cure this technical deficiency would serve to delay the inevitable and would constitute an unnecessary procedural hurdle. As explained in detail in its R & R, the Court finds that the equity interest in RKR Corporation must be assigned to SBI to satisfy the judgment.

Dr. Raj next asserts that RKR Corporation holds no property of Dr. Raj. Although Dr. Raj is the 100% owner of RKR Corporation, Dr. Raj argues that a corporation owns nothing of its shareholders and its shareholders own no property of the corporation, and then cites a 1951 Illinois Supreme Court case, *Winakor v. Annunzio*, 99 N.E. 2d 191 (1951), for this proposition. However, as pointed out

---

[7](...continued)
subsequent process issued to enforce the citation, whichever is sooner. *The court may, however, grant extensions beyond the 6 months, as justice may require.*" Ill. S. Ct. Rule 277(f) (emphasis added). Consequently, the Court could grant an extension, and order Dr. Raj – and not RKR Corporation – to deliver an assignment of the equity interest to SBI. Again, however, this would be a procedural hurdle that, while serving to delay, would not change the underlying outcome.

by SBI, *Winakor* is easily distinguishable, and in any event, does not stand for the proposition that a judgment creditor (such as SBI) cannot seek to satisfy its judgment with the stock owned by a judgment debtor. Such a reading of *Winakor* would be inconsistent with the purpose of Supplementary Proceedings in § 1402 of the Illinois Code.[8] Furthermore, such an understanding would undermine 735 ILCS 5/12-171 (West 2001), "Mode of Levy" in the Illinois Code, which provides that, where a judgment creditor seeks to seize the corporate stock of the judgement debtor to enforce a judgment, the proper mode of levy requires that the creditor serve a copy of the judgment on the corporation so as to create a levy on the stock. Therefore, although Dr. Raj maintains that his shares in RKR Corporation can only be reached through him – and not through the corporation – this argument directly conflicts with the "Mode of Levy" provision in the Illinois Code, as well as the purpose behind the Supplementary Proceedings. In sum, the Court

---

[8] Subsection (c)(5) of 735 ILCS 5/2-1402 (West 2001) provides: "(c)When assets or income of the judgment debtor not exempt from the satisfaction of a judgment, a deduction order or garnishment are discovered, the court may, by appropriate order of judgment . . . (5) Compel any person cited to execute an assignment of any chose in action or a conveyance of title to real or personal property, in the same manner and to the same extent as a court could do in any proceeding by a judgment creditor to enforce payment of a judgment or in aid of the enforcement of a judgment."

finds that RKR Corporation does, in fact, hold property belonging to its sole shareholder, Dr. Raj, and as discussed *supra*, orders that RKR Corporation turnover any equity interest to SBI to satisfy the outstanding judgment against Dr. Raj.

Nevertheless, as Dr. Raj and SBI have both pointed out, there is an Illinois law that prohibits a non-licenced physician from being a shareholder in a medical corporation. As such, SBI requests that the Court, pursuant to its powers under Federal Rule of Civil Procedure 53, appoint a Special Master to coordinate the sale of Dr. Raj's RKR stock to be sold to a qualified purchaser. The Court grants this request, and, therefore, amends its prior ruling in its R & R accordingly.

Finally, Dr. Raj makes the erroneous argument that the citation to discover assets cannot be extended against him, as six months have elapsed. However, Illinois Supreme Court Rule 277(f) provides, in pertinent part:

> A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner. *The court may, however, grant extensions beyond the 6 months, as justice may require.*

Ill. S. Ct. Rule 277(f) (emphasis added). Clearly, the Court has discretion to grant extensions. Nonetheless, Dr. Raj argues that based on *King v. Ionization, supra*, a citation cannot be extended unless the party seeking the extension does so *prior* to the expiration of the six month period. *King*, however, does not stand for this proposition[9], and, moreover, the clear language of the rule does not state that a request for an extension must occur *before* the expiration of the initial six month period.

## CONCLUSION

For the reasons discussed above, this Court reissues its previous R & R in a final, appealable form, with one minor amendment, namely that the Court will appoint a Special Master to coordinate the sale of Dr. Raj's RKR stock to be sold to a qualified purchaser. In sum, as explained in full in this Court's R & R, Plaintiff's Motion for Turnover of Equity Interest in Corporation is granted in part and denied in part, and Plaintiff's

---

[9] In *King*, the court was concerned with competing creditors, and held that, where a judgment creditor's lien was created by virtue of a citation to discover assets, but lapsed at the end of six months, a motion to extend the citation could not provide the creditor with a lien for the period between the date of lapse and the date of the motion, *to the exclusion of other creditors*. Here, however, there are no competing creditors, and nothing prevents the Court from deciding, based on its own discretion, to extend the citation to discover assets as justice so requires.

Motion for Turnover of Beneficial Interest in Land Trust is granted in part and denied in part. Specifically, RKR Corporation is ordered to cooperate with the Special Master regarding the sale of Dr. Raj's stock, and the citation as to Dr. Raj is continued so that he can be further deposed. Finally, Dr. Raj's Motion to Reconsider (i.e. his Objections to the R & R) is denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Turnover of Equity Interest in Corporation, and Motion for Turnover of Beneficial Interest in Land Trust be, and the same hereby are, GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED that Defendant Dr. Raj's Motion to Reconsider (i.e. his Objections to the R & R) be, and the same hereby is, DENIED.

DATED: April 23, 2001

ENTER:

ARLANDER KEYS
United States Magistrate Judge